Brito v Giuffre (2021 NY Slip Op 51218(U))

[*1]

Brito v Giuffre

2021 NY Slip Op 51218(U) [73 Misc 3d 143(A)]

Decided on December 20, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 20, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570183/21

Miguel Brito, Plaintiff-Appellant, 
against
Joseph A. Giuffre,
Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, Bronx County
(Marissa Soto, J.), entered on or about January 14, 2020, at a bifurcated jury trial on the issue of
damages, which granted defendant's motion to dismiss the complaint.

Per Curiam.
Order (Marissa Soto, J.), entered on or about January 14, 2020, reversed, with $10 costs,
defendant's motion denied, the complaint reinstated and the matter remanded for a new trial on
damages.
Following a determination of liability against defendant and at the damages phase of this
personal injury action, the trial court improvidently exercised its discretion in denying plaintiff a
two-day continuance to bring in his only expert doctor and granting defendant's motion to
dismiss the complaint. The request for a continuance was not made merely for the purpose of
delay, the testimony of plaintiff's expert was material to the issue of damages, and the need for a
continuance did not result from any lack of due diligence on the part of plaintiff's counsel (see
Black v St. Luke's Cornwall Hosp., 112 AD3d 661 [2013]; Guzman v 4030 Bronx Blvd.
Assoc. L.L.C., 54 AD3d 42, 52 [2008]). Accordingly, plaintiff is entitled to a new trial on the
issue of damages (see Freeman v Shtogaj, 174 AD3d 448, 449 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 20, 2021